IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-CV-21289-KING

SAFARI LTD.,

    Plaintiff,

vs.

ADONIX TRANSCOMM, INC. and
SAGE SOFTWARE, INC.

    Defendants.
    _____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court upon Plaintiff's Motion for Reconsideration (DE #90), filed February 1, 2011. In an Order entered January 27, 2011, this Court found that Plaintiff's January 10, 2011 Motion to Compel (DE #82) should be denied as untimely, and that Plaintiff's proposed expert, Thomas Bragg, should be stricken. In the Motion for Reconsideration now before the Court, Plaintiff seeks to have this Court reconsider both those determinations. For the following reasons, the Court shall permit Plaintiff's proposed expert upon proper disclosure, but declines to disturb its prior ruling on Plaintiff's Motion to Compel.[1]

I.    Procedural Background

This Court entered its Scheduling Order (DE #39) on August 3, 2010, which set the following dates:

> **Pre-Trial Conference**: March 11, 2011
> **Trial**: April 18, 2011

---

[1] The Court has not awaited a Response from Defendants as to either basis for Plaintiff's Motion for Reconsideration, as it finds that the record is sufficiently developed at this juncture to permit a determination.

**Discovery Deadline**: January 5, 2011
**Motion Deadline**: January 10, 2011

Subsequently, on December 16, 2010, the Court denied a motion by Plaintiff to amend its action to state new claims against Defendant, finding both that the proposed amendments were not essential to the underlying matter and that further delay was inappropriate. (DE #60).

On January 10, 2011, Plaintiff filed a Motion to Compel (DE #69) in which Plaintiff sought to compel the production of computer source codes from Defendant Sage. In support of its motion, Plaintiff also introduced an affidavit by a proposed expert, Thomas Bragg. (DE #69-5). By way of response, Defendant Sage filed a Motion to Strike (DE #82) on January 26, 2011, contending that 1) Plaintiff's Motion to Compel was untimely as not filed within thirty days of the occurrence of the basis for the motion; and 2) Plaintiff's disclosure of Thomas Bragg was untimely under the Local Rules. By Order dated January 27, 2011, the Court concurred with Defendant and found that Plaintiff's Motion to Compel was untimely and that Plaintiff's proposed expert had to be stricken for failure to comply with the pertinent disclosure requirements.[2]

Now, Plaintiff has filed a Motion for Reconsideration of both of those rulings.

II.     Standard for Reconsideration

As an initial matter, the Court addresses the applicable standard for a Motion for Reconsideration. "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002). The Court notes that "[a] motion for

---

[2] The Court entered its Order without awaiting further reply from Plaintiff because it considered Defendant's Motion to Strike a response to Plaintiff's Motion to Compel rather than a motion on its own merits, as the motion deadline had passed by the time of Defendant's filing.

reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). *See also King v. Farris*, 2009 U.S. App. LEXIS 27604, *3 (11th Cir. Dec. 16, 2009) ("[A] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."). Here, Plaintiff claims reconsideration is appropriate under the third prong: manifest injustice.

III.   Discussion

As noted above, the Court has determined Plaintiff's Motion for Reconsideration must be granted in part and denied in part. In particular, Plaintiff's expert, Thomas Bragg, will be permitted and a corresponding discovery period limited to his deposition will be authorized, while the Court's denial of Plaintiff's Motion to Compel the production of certain discovery from Defendant will not be disturbed.

A. Allowance of Plaintiff's Expert, Thomas Bragg

In its Motion for Reconsideration, Plaintiff contends that its failure to abide by the disclosure deadlines was due to excusable neglect. (DE #90 at 2). In particular, counsel for Plaintiff notes that the deadline for disclosure of experts was calculated in accordance with the Federal Rules of Civil Procedure, which requires disclosure 90 days before the first day of the trial period, rather than under the Local Rules, which requires disclosure 90 days prior to the date of the pre-trial conference. (DE #90 at 2). Here, where the pre-trial conference was scheduled for March 11, 2011 and the trial period was scheduled for April 18, 2011, the difference between the two dates was a little more than a month.

Upon consideration of the equities and its docket, the Court finds that it must vacate in part its earlier Order. Because of the complexity of the above-numbered matter and the emphasis

of this Court on fairness, the Court shall permit the introduction of Plaintiff's expert, Thomas Bragg. Within five days of the date of this Order, Plaintiff shall file an expert report that complies with all requirements of the Federal and Local Rules of Civil Procedure, and shall ensure that its expert is available for deposition by Defendants within the next 30 days.

Because such delay necessitates the cancelation of this Court's Scheduling Order (DE #39), entered on August 3, 2010, the Court shall also enter by separate Order new deadlines for the prosecution of the above-numbered matter. This continuance is for the limited purpose of extending the discovery period and the subsequent motion deadline to encompass Plaintiff's expert, Thomas Bragg, and any necessary rebuttal discovery.[3]

As a final matter, because of the impact of Plaintiff's proposed expert testimony on Defendant's Partial Motion for Summary Judgment (DE #65), the Court will deny that motion without prejudice to renew.

B. Upholding of Denial of Plaintiff's Motion to Compel

However, the Court finds that its earlier denial of Plaintiff's Motion to Compel must be upheld. While Plaintiff claims – and traces at great length – the "open nature" of its discovery request in which it sought computer source codes from Defendant Sage, such an inquiry is a slippery slope and irrelevant to this Court's determination. The only issue for the Court to decide in determining the timeliness of a motion to compel is the date of the underlying dispute, not the subsequent communications that may have sought resolution of that dispute. Here, Plaintiff would have this Court determine that the time for filing a motion to compel is tolled by parties' informal attempts at resolving the dispute. No such tolling is present in the pertinent Rules of Civil Procedure, nor is such tolling intended. Therefore, the Court upholds its earlier

---

[3] This discovery period shall not be used by the parties to litigate issues already adjudicated by this Court.

Order in which it denied Plaintiff's Motion to Compel.

IV.  Conclusion

Accordingly, after a careful review of the record and being otherwise fully advised, it is therefore **ORDERED, ADJUDGED** and **DECREED** that:

1. Plaintiff's Motion for Reconsideration (DE #90) be, and the same is hereby, **GRANTED** in part. The Court's Order Denying Motion to Compel (DE #83) is **VACATED in part** as it pertains to the striking of Plaintiff's proposed expert, Thomas Bragg, but is **AFFIRMED** in all other respects.

2. The Clerk shall **CANCEL** the Court's Scheduling Order (DE #39) and **SET**, by separate Order, new deadlines for the prosecution of the above-numbered matter.

3. Defendant's Partial Motion for Summary Judgment (DE #65) is **DENIED without prejudice** to renew upon the completion of the limited discovery period.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida this 3d day of February, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc:

**Counsel for Plaintiff/Counter-Defendant**
**Tom John Manos, Esq.**
Tom J Manos PA
One Brickell Square 9th Floor
801 Brickell Avenue
Miami , FL 33131
305-341-3100
Fax: 305-341-3102
Email: Tmanos@tjmlawfirm.com

**Counsel for Defendants/Counter-Claimants**
**Dennis Parker Waggoner**
Hill Ward & Henderson
101 E Kennedy Boulevard
Suite 3700 PO Box 2231
Tampa, FL 33601
813-221-3900
Fax: 221-2900
Email: dwaggoner@hwhlaw.com

**J. Scott Slater**
Hill Ward & Henderson
101 E Kennedy Boulevard
Suite 3700 PO Box 2231
Tampa, FL 33601
813-221-3900
Fax: 221-2900
Email: sslater@hwhlaw.com